UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Javier Salgado-Fuentes, | Civ. No. 13cv2814 JNE/JJK |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Great Southern Bank, Mortgage Electronic Registration Systems, Inc., and MERSCORP, Inc., | |
| Defendant. | |

---

William B. Butler, Butler Liberty Law, LLC, counsel for Plaintiff.[1]

Jared M. Goerlitz, Peterson, Fram & Bergman, PA, counsel for Defendant.

---

This action is before the Court, Magistrate Judge Jeffrey J. Keyes, 316 N. Robert St., St. Paul, MN 55101, on a Motion to Dismiss by Defendants Great

---

[1] A disciplinary action against Mr. Butler is pending in the District of Minnesota based upon his noncompliance with sanctions orders in several foreclosure related actions. Dist. of Minn. Civ. File No. 13mc49 MJD, In the Matter of the Petition for Disciplinary Action Against William Bernard Butler. On December 26, 2013, the Eighth Circuit issued an order suspending Mr. Butler from practice before the Eighth Circuit "until he has either paid the sanctions ordered by the United States District Court for the District of Minnesota, or the District of Minnesota has made findings that he has substantially complied with his obligations to it."  Order of 12/26/13, In re: William Bernard Butler, No. 13-9013 (8th Cir.). On January 14, 2014, Mr. Butler was likewise suspended from practice in the District of Minnesota pursuant to Order issued by Chief Judge Michael J. Davis in the disciplinary matter.

Southern Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP, Inc. ("Great Southern") (Doc. No. 4). The motion has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The matter is considered on the documents and without a hearing. It is this Court's determination herein that the Motion to Dismiss by Defendant Great Southern should be granted and the case be dismissed with prejudice.

## I. BACKGROUND AND CLAIMS

Plaintiff alleges the following background facts which we assume to be true for purposes of this motion.

Javier Salgado-Fuentes resides in and is in possession of real property located at 14311 S. Alabama Ave., Savage, MN 55378, legally described as Lot 10, Block 1, Cherrywood, Scott County, Minnesota. On October 18, 2006, Plaintiff executed and delivered a note payable to Prime Mortgage Corporation ("PMC") in the principal amount of $331,200.00. On that date he also executed a mortgage ("Mortgage") to PMC with MERS identified as nominee for PMC. (Doc. No. 1, Compl. ¶ 6, Ex. 1.)

On February 22, 2012, Inter Savings Bank, FSB ("Inter Savings Bank") drafted an Assignment of Mortgage ("2/22/12 AOM") purporting to transfer the Mortgage from MERS as nominee for PMC to Inter Savings Bank. Tori Mock signed the 2/22/12 AOM as "Assistant Secretary of MERS". The 2/22/12 AOM

was recorded with the Scott County Recorder on 2/27/12 as Document No. A899474.  (*Id.* ¶ 12, Ex. 2.)

On March 15, 2012, the law firm of Peterson, Fram, and Bergman, PA ("PFB") drafted and recorded a Notice of Pendency of Proceeding and Power of Attorney ("3/15/12 NOP/POA").   Angela Pulli executed the 3/15/12 NOP/POA as Assistant Secretary & Vice President of Inter Savings Bank.   The 3/15/12 NOP/POA purported to empower PFB to conduct a foreclosure on the Property.  Ms. Pulli executed the 3/15/12 NOP/POA in New Jersey.  Plaintiff alleges that Ms. Pulli was not a Vice President of Inter Savings Bank at the time she executed the 3/15/12 NOP/POA.   The 3/15/12 NOP/POA was recorded with the Scott County Recorder on 3/22/12 as Document No. A901517  (*Id.* ¶ 14, Ex. 4.) On March 19, 2012, PFB prepared a Notice of Foreclosure Sale for Inter Savings Bank ("03/19/12 NOF").  The 3/19/12 NOF identified Inter Savings Bank as the foreclosing entity. (*Id.* ¶ 15)

On April 27, 2012 the FDIC shut down Inter Saving Bank and seized all of its assets.  (*Id.* ¶ 16, Ex. 5.)  On or about April 27, 2012 Defendant Great Southern Bank and the FDIC entered into a purchase, assumption and loss sharing agreement whereby Great Southern acquired some of the seized assets of Inter Savings Bank and the FDIC agreed to assume 80 percent of Great Southern's losses on the acquired assets.  (*Id.*)

On October 1, 2012 Great Southern Bank prepared an assignment of mortgage purportedly assigning the Mortgage from the FDIC as Receiver for Inter Savings Bank to Great Southern Bank ("10/1/12 AOM").  The 10/1/12 AOM was recorded with the Scott County Recorder on January 24, 2013 as Document Number A927160.  (*Id.* ¶ 18, Ex. 6.)

On January 28, 2013, Great Southern executed a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage by Corporation empowering PFB to foreclose on the Property ("1/28/13 NOP/POA").  The 1/28/13 NOP/POA was recorded with the Scott County Recorder on 2/08/13 as Document Number A928542.  (*Id.* ¶ 19, Ex. 7.)

On April 9, 2013, PFB, on behalf of Great Southern Bank, prepared a Sheriff's Certificate indicating that Great Southern Bank had the legal authority to make a credit bid at the sale and appeared at a sheriff's sale of the Property.  The Sheriff's Certificate of Sale and foreclosure record was recorded in the Scott County Recorder's Office as Document No. A933006.  (*Id.* ¶ 21, Ex. 7.)

Plaintiff commenced an action against Defendants in the State of Minnesota District Court, County of Scott, requesting that the court declare the non-judicial foreclosure by Great Southern Bank invalid and void as a matter of law and seeking damages against Defendants.  The action was removed to this federal court pursuant to 28 U.S.C. § 1332(a).  Defendants now bring this motion

4

to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Plaintiff presents two theories in support of the claim that the foreclosure should be invalidated. First, he claims that when the Mortgage was assigned from MERS as nominee for PMS to Inter Savings Bank on February 22, 2012, the assignment document was signed by Tori Mock as Assistant Secretary of MERS, but Ms. Mock actually worked for Inter Savings Bank on that date. Moreover, Plaintiff claims that MERS had amended its membership rules in July 2011 and had "revoked all previously held authority to initiate foreclosures and file legal proceedings in the name of MERS after July 22, 2011." (Compl. ¶ 22, Ex. 8.) As best this Court can tell, Plaintiff appears to be arguing that this combination of factors leads to the conclusion that the assignment of the mortgage from MERS to Inter Savings Bank was invalid and thus there could be no valid assignments down to Great Southern Bank, and Great Southern, in turn, had no valid interest in the mortgage.

The second theory as to why Great Southern did not have legal authority to foreclose is that Great Southern did not have the right to declare a default on the note or enforce the note because Great Southern was not a holder in due course of the note. As described above, Great Southern acquired the loan through the insolvency of Inter Savings Bank when Great Southern entered into an agreement to take over the assets of Inter Savings Bank. According to

5

Plaintiff, a party that acquires a promissory note through insolvency or bankruptcy does not have the rights of a holder in due course. Not being a holder in due course, Great Southern allegedly had no right to declare default and accelerate the debt, a condition precedent to exercising the power of sale. Thus, Plaintiff argues, Great Southern did not have the legal right to exercise the power of sale clause in the Mortgage by bidding debt due on the note and the foreclosure sale was therefore invalid.

Plaintiff uses these theories as a basis for three causes of action titled in the Complaint as follows: (1) Count I – Determination of Adverse claims, Minn. Stat. § 559.01; (2) Count II – Declaratory Judgment, Minn. Stat. § 555.01, et seq.; and (3) Count III – Slander of Title.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). It must not, however, give effect to conclusory

allegations of law.  *Stalley ex rel. United States v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment.  *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 697 n.4 (8th Cir. 2003).

### III.  ANALYSIS

#### A.    Quiet Title

Plaintiff brings a quiet-title claim to determine adverse claims under Minn. Stat. § 559.01.  Minnesota's quiet-title statute provides that "[a]ny person in possession of real property . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively."  Minn. Stat. § 559.01.

Plaintiff asserts that it is Defendant's burden to "prove its alleged adverse interest in the Property by a preponderance of the evidence."  (Compl. ¶ 35.)

7

However, "[i]n order to survive Defendants' motion to dismiss, [Plaintiffs] must plead facts that support [their] quiet title claim sufficient to satisfy federal pleading standards." *Ko v. Mortg. Elec. Registration Sys.*, Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013) (citing *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)). This requires that a complaint "plead adequate facts to establish a plausible 'claim that the Defendants' adverse claims are invalid.'" *Gharwal v. Fed. Nat'l Mortg. Ass'n*, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (quoting *Karnatcheva*, 704 F.3d at 548).

### 1. No Plausible Claim that Foreclosure Is Defective and Invalid

Plaintiff's theory that the foreclosure should be invalidated because there was a defective assignment of the mortgage from MERS as nominee for PMS to Inter Savings Bank fails because Plaintiff lacks standing to challenge the assignment of mortgage itself, including whether the signatories to the assignment of mortgage lacked legal authority. *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 547-48 (8th Cir. 2013); *Kaylor v. Bank of America, N.A.*, No. 12-1586 (DSD/SER), 2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (holding mortgages lack standing to challenge assignment of mortgage); *Novak v. JPMorgan Chase Bank, N.A.*, Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *6 (D. Minn. Aug. 23, 2012) (holding that "plaintiffs lack standing to challenge the assignment [of a mortgage]" on the basis that the signatory lacked

legal authority); *Nelson v. Bank of New York Mellon*, Civ. No. 12-1096 (SRN/SER), 2012 WL 4511165, at *3 (D. Minn. Oct. 1, 2012) *appeal dismissed* No. 12-3621 (8th Cir. Dec. 21, 2012) (holding that "Plaintiffs were not parties to the [challenged agreements] therefore do not have standing to challenge those agreements."). Thus, Plaintiff's claim that the foreclosure should be invalidated on grounds that the assignment was executed by Tori Mock as an "Assistant Secretary of MERS" when she was in fact an employee of assignee Inter Savings Bank, fails.

Even if Plaintiff did have standing, and he does not, he has failed to plausibly plead sufficient allegations to overcome clear Minnesota law regarding documents executed by entities. Minnesota Statute § 358.50 states:

> An *acknowledgment made in a representative capacity* as defined in section 358.41, clause (4), and certified substantially in the form prescribed in this chapter is *prima facie evidence* that the instrument or electronic record *was executed and delivered with proper authority* and as the act of the person or entity represented and identified in the instrument or electronic record."

(emphasis added). A "representative capacity" means "for or on behalf of a corporation . . . as an authorized agent, partner, trustee, or other representative." Minn. Stat. § 358.41, subd. 4. Here, the MERS assignment of mortgage states it was executed by Tori Mock in her capacity as an "Assistant Secretary of MERS," satisfying the representative capacity requirement. The MERS assignment of mortgage is prima facie valid.

> [A]s the Minnesota Supreme Court explained in *Jackson v. Mortgage Electronic Registration Systems, Inc.*, it is MERS's usual practice to appoint employees of its members to act as its agents for the purpose of executing assignments:
>
> When documentation is necessary, such as for an assignment to a non-MERS member, MERS does not draft or execute the paperwork on behalf of its members. Rather, MERS instructs its members to have someone on their own staff become a certified MERS officer with authority to sign on behalf of MERS. This procedure allows the member that owns the indebtedness to assign or foreclose the mortgage loan in the name of MERS, eliminating the need to either work through a third party or to execute an assignment of the security instrument from MERS back to the member.

*Gharwal v. Fed. Nat. Mortgage Ass'n*, 13-CV-0685 PJS/JSM, 2013 WL 4838904, at *4-5 (D. Minn. Sept. 11, 2013) (citing *Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487, 491 (Minn. 2009)). Thus, an employee of Inter Saving Bank being authorized to execute documents as an officer of MERS is consistent with MERS' practice. Plaintiff has no plausible claim that the foreclosure should be invalidated on this basis.

Plaintiff also argues that the foreclosure should be invalidated because MERS had no authority to assign the mortgage after it changed its membership rules in June 2011. Although MERS amended its membership rules to revoke the authority for its members from initiating foreclosures after July 22, 2011 in the name of MERS, Plaintiff erroneously concludes this revocation also applies to the execution of assignments of mortgage. A plain reading of the MERS System Rules provided by Plaintiff makes clear the revocation does not apply

10

to the execution of documents, but rather only the initiation of foreclosure in MERS' name. (Compl., Ex. 8.)

Plaintiff's claim that the foreclosure was invalid because Great Southern was not the holder in due course of the note also fails as a matter of law. Plaintiff contends that "[t]he ability to declare a default for non-payment of the amounts due under the note, thereby triggering the power of sale, is reserved to the person entitled to enforce the note." (Doc. No. 10, Pl. Mem. at 9-10.) Plaintiff argues that Great Southern is precluded from declaring a default because it is not the holder in due course of the promissory note.

Plaintiff's holder in due course argument fails, first of all, because it is simply a variation of the discredited "show-me-the-note" argument which has been advanced in many cases by Plaintiff's counsel and been repeatedly rejected. *See, e.g., Stein v. Chase Home Fin. LLC*, 622 F.3d 976, 977 (8th Cir. 2011). Plaintiff is now trying to argue that not only must the party foreclosing on the property be the "holder" of the note, but that party must also be a "holder in due course." However, a person's status as a holder in due course of an instrument has nothing to do with the right to initiate a foreclosure proceeding. The provision of the U.C.C. that Plaintiff cites in support of the argument that only a holder in due course of the note can declare default, accelerate the obligation, and exercise the power of sale, is Minn. Stat. § 336.3-308(b), but Section 336.3-308 does not deal with foreclosure sale or authority. It only deals with the

authenticity of signatures on an instrument when a party seeks to enforce the instrument. This has no bearing on the validity of the foreclosure sale. The holder in due course doctrine, which deals with the acquisition of a negotiable instrument in good faith, for value and free of competing claims of ownership of the Note and certain defenses to payment, does not have any relevance to the validity of Great Southern Bank's foreclosure.

### B.  SLANDER OF TITLE

Plaintiff asserts a slander-of-title claim against Defendants in Count 3. A slander-of-title claim requires that a defendant have: (1) made a false statement; (2) published that false statement to others; (3) maliciously published the statement; and (4) that the publication caused plaintiff a pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279–80 (Minn. 2000).

With respect to named Defendants, Plaintiff has not adequately pleaded the elements of a slander-of-title claim, much less met the heightened pleading standard required under Fed. R. Civ. P. 9(b) for such claims. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1032 (8th Cir. 2012) (stating that Rule 9(b) applies to slander-of-title claims). Plaintiff was required to make specific factual allegations regarding the circumstances of any alleged false statement. *See id.* But Plaintiff's Complaint is devoid of any facts from which this Court could infer that Defendants made any false statement or acted with malice.

Plaintiff has also failed to plead any facts indicating that he relied on any alleged misrepresentation. *See Welk v. GMAC Mortg.,* 850 F. Supp. 2d at 976, 994 (D. Minn. 2012). Thus, Plaintiff has failed to state a slander-of-title claim that is plausible on its face, and dismissal is appropriate. *See Lara v. Fed. Nat. Mortg. Ass'n, 13-676 (SRN/AJB)*, 2013 WL 3088728, at *3; *Pope v. Fed. Home Loan Mortg. Corp., 12-3094 (SRN/JJG)*, 2013 WL 2251001, at *4; *Haubrich v. U.S. Bank Nat. Ass'n, 12-565 (DSD/TNL)*, 2012 WL 3612023, at *6.

### C. DECLARATORY JUDGMENT

The basis for the declaratory judgment claim is unclear but it appears to be based on the same allegations as the failed quiet-title claim. Therefore, for the same reasons stated above, the declaratory judgment claim, Count 2, must fail. *See Lara*, 2013 WL 3088728, at *3. "A claim for declaratory judgment must be supported by a substantive legal right." *Id.* (citations omitted). "Having failed to state a substantive claim, the [Complaint] also fails to state a claim for a declaratory judgment." *Id.*

### RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. No. 4) be **GRANTED**; and
2. This action be **DISMISSED WITH PREJUDICE**.

13

Date: February 19, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 4, 2014,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.